UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCKY SUPERMARKET CORPORATION, et al.,<br><br>    Defendants. | Case No. 16-cv-04119 NC<br><br>ORDER REQUESTING REASSIGNMENT; RECOMMENDING DISMISSAL UNDER § 1915 REVIEW<br><br>Re: Dkt. No. 5 |

Plaintiff Melina Razavi has filed a letter with the Court alleging that she was struck by a Lucky Store employee on December 6, 2012, with a red store shopping basket. Dkt. No. 1. She has also filed a motion for leave to proceed in forma pauperis. Dkt. No. 2. On July 25, 2016, the Court ordered Razavi to show cause why this case should not be dismissed following § 1915 review because her letter did not allege federal subject matter jurisdiction or comply with Federal Rule of Civil Procedure 8. Dkt. No. 5. The Court gave Razavi until August 8, 2016 to respond to the Order to Show Cause; otherwise, the Court would dismiss the case. *Id.* Razavi has failed to respond. Accordingly, I recommend that the district court judge dismiss this case following § 1915 review.

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." A district court must dismiss the complaint of an

in forma pauperis (IFP) applicant if it determines that the complaint is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Here, Razavi has shown in her IFP application that she is unable to pay the filing fee required to file a complaint in federal district court. Dkt. No. 2. However, upon review of her allegations, the Court finds that, liberally construed, her complaint does not pass § 1915 review and should be dismissed for lack of federal subject matter jurisdiction. Federal Rule of Civil Procedure 8 requires that a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Razavi's letter does not allege diversity of citizenship or a federal cause of action and does not satisfy the rules of pleading under Federal Rule of Civil Procedure 8(a).

Razavi has not consented to the jurisdiction of a magistrate judge. 28 U.S.C. § 636(c). Because I lack jurisdictional authority, the clerk must reassign this case to a district court judge. I recommend that the district court judge dismiss the case under 28 U.S.C. § 1915(e)(2)(B). Any party may object to this recommendation, but must do so within 14 days. Fed. R. Civ. P. 72(b)(2).

**IT IS SO ORDERED.**

Dated: August 12, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-04119 NC            2